UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,        CASE NUMBER: 10-20570
                                  HONORABLE VICTORIA A. ROBERTS
                                  Magistrate Judge Paul J. Komives

v.

DAWAYNE EDDIE BARCLAY,

        Defendant.
_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court is Defendant Dawayne Barclay's Motion to Suppress Evidence due to Illegal Arrest, Search and Seizure. (Doc. # 14). The Court referred the matter to Magistrate Judge Paul J. Komives for Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b)(1)(B).

**II.    STANDARD OF REVIEW**

This Court reviews de novo any part of the magistrate's recommendation on a dispositive motion that is properly objected to. FED. R. CIV. P. 72(b). Motions to suppress evidence in a criminal case are treated as dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72 (b)(3).

### III.   BACKGROUND AND PROCEDURAL HISTORY

After holding a hearing on Defendant's motion to suppress evidence of a gun found on Defendant when police stopped a car in which he was riding and frisked him for weapons, the magistrate found the seizure was a lawful investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968) and its progeny; he recommends the Court deny Defendant's motion to suppress.

Specifically, the magistrate concluded that the officers had reasonable suspicion that Defendant was engaged in ongoing criminal activity when they observed him drinking beer while sitting in the front passenger seat of a moving vehicle, in violation of MICH. COMP. LAWS § 257.624a.  The officers stopped the vehicle, approached its passenger side, and saw an open 32-ounce can of beer between Defendant's legs. When they requested Defendant's identification, he spontaneously stated he had a gun. The magistrate observed that this admission gave the officers reasonable suspicion that Defendant was armed and dangerous to justify their pat-down for weapons.  The officers performed a pat-down search and recovered a 9mm semi-automatic handgun. Defendant admitted he did not have a permit to carry the weapon and was arrested.

### IV.   OBJECTION

Defendant objects to the magistrate's conclusion that the officers had reasonable suspicion to conduct a *Terry* stop.  He contends the officers' testimony regarding the size and color of the beer can does not establish a "particularized and objective basis" for their belief that he was consuming alcohol.  (Doc. # 25; Def.'s Objections to Magistrate's R & R at 4).

**V.     ANALYSIS**

The magistrate found the officers' testimony, that they saw Defendant drinking from a beer can as he crossed in front of their patrol car, credible.  The magistrate concluded that although the officers could not read the writing on the can, which was some distance away and partially covered by Defendant's hand, its 32-ounce size and white and gold coloring led them to reasonably believe, based on their knowledge and experience, that it contained beer.  He said this was sufficient to justify a *Terry* stop.

Defendant focuses on the fact that prior to stopping the car, the officers were unable to identify a beer name or symbol on the can; he argues that for all the officers knew, he could have been drinking a "non-alcoholic beverage, such as iced tea, a fruit drink, or pop."  (Def.'s Objections to Magistrate's R & R at 3).  This argument is unavailing.  Both officers testified that from their experience and familiarity with beer containers, they recognized the can in Defendant's hand as a beer can.  (1/5/11 Tr. 26, 65).  Under *Terry*, police can rely on their special expertise to conclude that a substance is likely an illegal one and to justify a brief, investigatory stop.  *See, e.g.*, *United States v. Williams*, 413 F.3d 347, 353 n.3 (3d Cir. 2005).

In *Williams*, the Third Circuit held that police officers had reasonable suspicion that criminal activity was afoot when, as they approached a van, they saw the defendant, "in plain and open view from a distance of twelve or thirteen feet," holding a large ziplock bag "with a green leafy substance appearing to be marijuana as well as several small ziplock bags in his lap."  413 F.3d at 353.

The defendant in *Williams* made an argument similar to this Defendant's.  He said the officer "had no reason to conclude that the green leafy substance being bagged

in the rear of the van was marijuana, and that it could have been oregano, basil, or even spinach." *Id.* at 353 n. 3. The Third Circuit rejected this argument; it stated, "Officer Cornelius could rely on his skill and experience in concluding that the green, leafy substance was marijuana" and this was sufficient to support reasonable suspicion. *Id.* (citing *United States v. Robertson*, 305 F.3d 164, 168 (3d Cir. 2002)); *see also United States v. Akinyemi*, No. 03-3105, 101 Fed.Appx. 109, 2004 WL 1327871, at *1 (6th Cir. June 11, 2004) (officers had reasonable suspicion that the defendant was or was about to be engaged in drug activity when they observed him holding a plastic bag containing a substance "that appeared to be marijuana," which he quickly placed in his pocket when they exited their patrol car); *United States v. Williams*, No. 06-0810, 2007 WL 643051, at * 3 (E.D.N.Y. Feb. 26, 2007) ("If one or more of the police officers indeed witnessed the defendant drop the transparent bag appearing to contain drugs as they approached, that observation would be sufficient to establish [ ] reasonable suspicion for a *Terry* stop....").

## VI.   CONCLUSION

Magistrate Judge Komives's opinion is thorough, well-reasoned, and supported by this Court's independent assessment of the law; the Magistrate's R & R is **ADOPTED AND INCORPORATED BY REFERENCE**. For the reasons stated there. Defendant's suppression motion is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 27, 2011

4

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 27, 2011.

s/Carol A. Pinegar
Deputy Clerk